UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:11-CR-00150-H

UNITED STATES OF AMERICA              PLAINTIFF

V.

SHAWN PERKINS                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On August 9, 2013, this Court entered an Order granting the United States' motion to dismiss the indictment in the above referenced matter pursuant to Federal Rule of Criminal Procedure 48(a). Thereafter, Defendant filed an objection to the Order, requesting the Court to dismiss the charges against him with prejudice, "so that the defendant does not have to suffer the uncertainty of potentially being re-indicted and having to start the entire defense process over again." ECF No. 39.[1]

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint," but does not specifically state whether a dismissal should be with or without prejudice. In support of its motion to dismiss, the United States indicated that Defendant will be indicted in the Commonwealth of Kentucky for the crimes charged. Because the United States must seek leave of the court to dismiss an indictment, a court has some discretion to deny the United States' motion to dismiss. However "[a] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004). The

---

[1] The Court's August 9, 2013 Order does not explicitly state that the matter was dismissed with prejudice. However, "dismissal pursuant to Rule 48(a) is presumed [to be] without prejudice unless the order specifically notes otherwise." *United States v. Stapleton*, 297 F. App'x 413, 431 (6th Cir. 2008).

1

"leave of the court" requirement is "to protect the defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging." *Rinaldi v. United States*, 434 U.S. 22, 30 n.15 (1977). Notwithstanding, this court had previously recognized that it "still have very little discretion to deny the Government's motion." *United States v. Shaw*, 2008 WL 65390, *2 (W.D. Ky. Jan. 4, 2008).

Defendant has failed to proffer any compelling reason that he will be prejudiced by dismissal of the charges without prejudice. "The type of prejudice required is an act by the Government that works to the detriment of the defense." *Id.* Jeopardy has not attached, so the ruling does not run afoul to double jeopardy concerns. Moreover, on Defendant's own motion, the Court declared the case complex. As such, the proceedings are excluded from the Speedy Trial Act's time limits. ECF No. 23. Accordingly, the Court finds no reason to upset its August 9, 2013 ruling dismissing the matter pursuant to Rule 48(a).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's objection to the United States' motion to dismiss is DENIED and the matter is dismissed WITHOUT PREJUDICE.

cc:     Counsel of Record